[Crim. No. 8551. Second Dist., Div. Four. Feb. 27, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. JAMES RICHARD SWANN, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

MacFarlane, Schaefer & Haun and E. J. Caldecott as Amici Curiae on behalf of Plaintiff and Appellant.

Ellery E. Cuff, Public Defender, Kathryn J. McDonald and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

BURKE, P. J.—This is an appeal by the People from the order granting defendant's motion under section 995 of the Penal Code to set aside the information.

Defendant was charged by information with two counts of forgery in violation of Penal Code section 470, a felony. The charges arose out of defendant's alleged use of an oil company credit card on two occasions without the knowledge or permission of the party to whom the credit card had been issued.

The facts, as developed in the preliminary hearing, show that Robert Scott Griffith lost a Standard Oil credit card which apparently was subsequently used by defendant to make purchases at a gas station of $31.03 on September 25, 1961, and $2.52 on October 5, 1961. In the course of making these purchases defendant, without permission, signed Robert Griffiths' name on two credit invoices and obtained merchandise or service. A police officer testified at the preliminary hearing that defendant admitted signing the two credit invoices with the name "Robert Scott Griffith."

Penal Code section 484a became effective on September 15, 1961. That section provides in part:

" . . . . . . . . . . ..

"(b) Any person who:

" . . . . . . . . . . ..

"(6) Knowingly uses or attempts to use for the purposes of obtaining goods, property, services or anything of value, a credit card which was obtained, or is held by the user, under circumstances which would constitute a crime under

paragraphs (1), (2) or (3) of this subdivision, is also guilty of a misdemeanor if the total amount of goods, property or services or other things of value so obtained by such person does not exceed fifty dollars ($50), or is also guilty of a felony, if the total amount of goods, property or services or other things of value so obtained by such person exceeds fifty dollars ($50)."

The sole question presented by this appeal is whether the acts of defendant constitute only a violation of Penal Code section 484a, a misdemeanor, and not in addition a violation of Penal Code section 470, a felony, thus making defendant subject to prosecution under either section.

It is not disputed that the acts of defendant out of which the forgery charges arose occurred subsequent to the effective date of section 484a, Penal Code, and did involve less than $50 value of goods or services.

The People contend that defendant has violated both sections (Pen. Code, §§ 484a, 470) and that since the acts of defendant constitute the separate crimes of theft and forgery he should be subject to punishment under either statute. It is acknowledged that under Penal Code section 654 he could not be punished for violations of both sections for the same transaction. The People maintain they have a right to elect to prosecute defendant under the felony statute.

We believe the People do not have the power to prosecute under the general felony statute in a case such as this where the facts of the alleged offense parallel the acts proscribed by a specific statute. The Supreme Court quoted an earlier case in *In re Williamson*, 43 Cal.2d 651 at p. 654, [276 P.2d 593], as follows: " ' . . . where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; . . .' "

In the case of *In re Joiner*, 180 Cal.App.2d 250 [4 Cal. Rptr. 667], the defendant had taken his automobile to a garage to be repaired. He later entered the premises of the garage after closing hours and retook possession of his automobile. Upon being apprehended Joiner was charged with burglary and grand theft. The court held that the superior court was without jurisdiction to hear the prosecution on

the felony charges because the defendant's conduct came within the provisions of section 537d of the Penal Code making it a misdemeanor for anyone to obtain a vehicle held under lien by trick and device. The quotation from *In Re Williamson, supra,* cited above, was held applicable to that case.

In the case of *People* v. *Wood,* 161 Cal.App.2d 24 [325 P.2d 1014], a defendant was convicted of eight felony counts of violating section 115 of the Penal Code for knowingly filing false documents with the Department of Motor Vehicles. The question raised was whether the defendant should have been charged with the felony offense or with a violation of section 131, subdivision d, of the Vehicle Code declaring it to be a misdemeanor to make a false statement in any document required to be filed with the Motor Vehicle Department. The court held, at page 29, quoting from *County of Placer* v. *Aetna Casualty & Surety Co.,* 50 Cal.2d 182, 189 [323 P.2d 753], " 'Where the terms of a later specific statute apply to a situation covered by an earlier general one, the later specific statute controls. [Citation.] As we held in *Rose* v. *State,* 19 Cal.2d 713, 723, 724 [123 P.2d 505] : "It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." ' "

*Pople* v. *Silk,* 138 Cal.App.2d Supp. 899 [291 P.2d 1013], involved a determination of whether the defendant was properly charged with two counts of violation of section 484 of the Penal Code, petty theft of $25, rather than section 2007 of the Welfare and Institutions Code. The defendant in applying for aid failed to disclose that he was receiving $20 as social security payments from the United States Government. The court held, at pages 901 and 902, "The conflict between the general and specific law which is controlling here also appears from the fact that proof of such violation would meet the issues of the complaint drawn under section 484 of the Penal Code, excepting only for the rule that the specific statute controls over the general. Since the material proof was exclusively a specific violation of section 2007, that section controls to the exclusion of Penal Code, section 484."

 It seems clear that the Legislature by enactment of section 484a evidenced an intent to state the penal law with respect to misuse of credit cards and to provide appropriate penalties for varying degrees of such offenses. Formerly, criminal laws governing credit card offenses came under various sections of the Penal Code, e.g., section 484 (theft), section 470 (forgery) and section 485 (lost property). (See *People* v. *Von Hecht,* 133 Cal.App.2d 25 [283 P.2d 764]; *People* v. *Wilson,* 139 Cal.App. 139 [33 P.2d 476]; 48 Cal. L. Rev. 459, at 488; and 36 Cal. State Bar J. at 799.)

 Legislative clasification of certain credit card offenses as misdemeanors is analogous to distinctions previously made by the Legislature between petty and grand theft (Pen. Code, §§ 487, 488) and felony and misdemeanor crimes of issuing checks without sufficient funds (Pen. Code, § 476a). It is significant that the Legislature has used the same dollar amount ($50) as the line of demarcation between felony and misdemeanor crimes of issuing checks without sufficient funds (Pen. Code, § 476a) as it has in the case of credit card offenses (Pen. Code, § 484a, subds. (b) (6), (c).)

The People's argument that the signing of the credit invoices should be separated from the ''use'' of the credit card making such signing separately chargeable as forgery is without merit. Certainly the Legislature in enacting section 484a, Penal Code, contemplated false or unauthorized signatures on credit invoices by parties engaged in the misdemeanor use of credit cards under subsection (6) of subdivision (b) of the statute since such signatures are required of credit card users in the customary use of such cards.

 We hold that the facts of the instant case come within the acts proscribed by Penal Code section 484a specifically dealing with the offense alleged in this case and that the People are precluded from electing to prosecute under the general statute. (Pen. Code, § 470.)

The order granting defendant's motion to set aside the information is affirmed.

Jefferson, J., and Bishop, J. pro tem.,\* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1963.

---

\*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.