[Crim. No. 10182. In Bank. Mar. 27, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. NANGA-PARBET ALI, Defendant and Appellant.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Nanga-Parbet Ali, in pro. per., Andrew L. Tobia, under appointment by the Supreme Court, and Morgan R. Rodney, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—Defendant appeals from a judgment, after trial before a jury, on verdicts finding him guilty on three counts of violating section 484a, subdivision (b), paragraph (6), of the Penal Code.

*Facts*: The record shows that in each of the three alleged offenses defendant used a credit card which did not belong to him, and which he was not authorized to use, for the purpose of obtaining tires, the value of which was over $50. In each

instance, he signed an invoice which had been stamped with the credit card.

In the first instance, the tires were put on an automobile at defendant's direction. In the second and third transactions, delivery of the tires was not made to anyone, because the fraudulent use of the credit card had been discovered.

*Questions*: First. *Is it a crime under section 484a, subdivision (b), paragraph (6), of the Penal Code, which codifies credit card offenses, for an unauthorized holder of a credit card to use the card for the purpose of obtaining goods of a value over $50 by signing an invoice therefor with a false name, when prior to delivery of the goods his intent to defraud is discovered?*

*Yes.* As to the second and third counts, defendant contends that the statute as enacted did not advise him with sufficient clarity that the use of a credit card obtained and held in violation of paragraph (3) of subdivision (b) of Penal Code section 484a is an additional crime even where the attempt to obtain goods, services, or other things of value fails of its purpose.

Subsection (6) of subdivision (b) of Penal Code section 484a provides: ''(b) Any person who:

'' . . . . . . . . . . . . .

'' (6) Knowingly *uses or attempts to use* for the purposes of obtaining goods, property, services or anything of value, a credit card which was obtained, or is held by the user, under circumstances which would constitute a crime under paragraphs (1), (2) or (3) of this subdivision, is also guilty of a misdemeanor if the total amount of goods, property or services or other things of value so obtained by such person does not exceed fifty dollars ($50), or is also guilty of a felony, if the total amount of goods, property or services or other things of value so obtained by such person exceeds fifty dollars ($50).'' (Italics added.)

 Section 484a of the Penal Code was clearly intended to codify into one section all credit card offenses formerly prosecuted under various sections of the Penal Code; and, as a result of its enactment, a person charged with an offense involving a credit card may not be prosecuted therefor under the general statutes. (*People* v. *Swann,* 213 Cal.App.2d 447, 451 [2b] [28 Cal.Rptr. 830].)

The following rules of statutory construction are here applicable:

"The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (Pen. Code, § 4.)

"In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.)

"In the construction of a statute the intention of the Legislature . . . is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (Code Civ. Proc., § 1859.)

"Once the intention of the legislature is ascertained it will be given effect even though it may not be consistent with the strict letter of the statute." (*People* v. *Black*, 45 Cal. App.2d 87, 94 [113 P.2d 746] [hearing denied by Supreme Court].)

By the language used in the statute, the Legislature has clearly shown an intention to include *attempts* to use illegally held credit cards, i.e., unsuccessful efforts to use credit cards.

As pointed out above, defendant contends that he was not sufficiently apprised that if he attempted to use an illegally held credit card but failed to accomplish his purpose, he would be guilty of a criminal offense under the statute.

In *People* v. *Hallner*, 43 Cal.2d 715, 720-721 [6, 7] [277 P.2d 393], this court said: ". . . '[r]easonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible.' [Citation.] A statute will not be declared void as being indefinite if it contains 'a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided.' [Citations.]"

Under the circumstances, defendant's contention that the statute was so uncertain as to give him inadequate notice of the offense of which he might be charged is without merit.

In any event, however, even under the technical interpreta-

tion sought by defendant, he was properly found guilty of violating the section with respect to all three counts.

█ The use of a credit card is an expression of intent that payment in full will be made to the dealer, and creates an obligation on the dealer to deliver the goods to the signer and upon the parent company to reimburse the dealer. █ Therefore, while defendant did not obtain physical possession of the tires in the second and third instances, he did fraudulently obtain a thing of value in each case over $50. He had title to the tires or title to a chose in action against the dealer for the tires or the money, in return for which, had he been the *rightful* owner of the credit card, he would have been liable. This is a thing of value in excess of $50 ''so obtained.''

Second. █ *Where a judgment imposing concurrent sentences for separate offenses has been vacated on appeal, may the trial court upon a retrial impose consecutive sentences?*

*No.* We have never held that consecutive sentences for separate offenses may not be imposed by a court on retrial when concurrent sentences imposed at a previous trial are vacated on appeal. However, in *People* v. *Henderson,* 60 Cal.2d 482, 495-497 [12] [35 Cal.Rptr. 77, 386 P.2d 677], we held that a defendant is not required to risk his life to invoke his right to appeal from an erroneous judgment imposing a life sentence; and in *In re Ferguson,* 233 Cal.App.2d 79, 81-82 [43 Cal.Rptr. 325], it was held that a defendant is not required to risk a prison sentence with a possible maximum of 50 years to invoke his right to move for a new trial after a verdict that he should be jailed for not more than one year.

Where a defendant has been sentenced to concurrent terms and then upon a retrial is sentenced to consecutive terms for the same offenses, his punishment has been increased by indirect means. The reasoning which prevents an increase by direct means would seem to be applicable in such a situation, as a defendant should not be required to risk being given greater punishment on a retrial for the privilege of exercising his right to appeal.

In the present case, defendant at a previous trial was found guilty of the same three offenses here involved and was sentenced to state prison for each of the offenses, the terms to run concurrently. In the present proceedings, he was sentenced to state prison for each of the three offenses, but it was ordered that the terms run consecutively. As hereinabove indicated,

however, the judgment should have ordered that the terms run concurrently.

The judgment is modified to provide that defendant's sentences as to counts 1, 2, and 3 are ordered to run concurrently, rather than consecutively. In all other respects, the judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

The petitions of the appellant and the respondent for a rehearing were denied April 26, 1967. Mosk, J., did not participate therein.