[Crim. No. 6743.   First Dist., Div. One.   Dec. 26, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. ALLEN G.
FIRESTINE, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Robert R. Granucci
and Horace Wheatley, Deputy Attorneys General, for Plaintiff and Appellant.

Robert W. Plath for Defendant and Respondent.

ELKINGTON, J.—This case deals with the several statutes relating in one way or another to the obtaining of, or the attempt to obtain, drugs by means of false prescriptions.

In 1955, Business and Professions Code section 4390 was enacted. As amended in 1965 that section recites: "Every person who signs the name of another, or of a fictitious person, or falsely makes, alters, forges, utters, publishes, passes, or attempts to pass, as genuine, any prescription for any drugs is guilty of a forgery and upon conviction thereof shall be punished by imprisonment in the state prison for not less than 1 year nor more than 14 years, or by imprisonment in the county jail for not more than one year.

"Every person who has in his possession any drugs secured by such forged prescription shall be punished by imprisonment in the state prison for not less than one year nor more than six years, or by imprisonment in the county jail for not more than one year."

In 1965, the year that section 4390 was amended to its present form, section 4390.5 (enacted in 1963), Business and Professions Code, was amended as follows:

"Every person who, in order to obtain any drug or poison falsely represents himself to be a physician or other person who can lawfully prescribe such drug, or falsely represents that he is acting on behalf of a person who can lawfully prescribe such drug or poison, in a telephone communication with a registered pharmacist, shall be punished by imprisonment in the county jail for not more than one year."

Penal Code section 377, enacted in 1963, provides: "Every person who, in order to obtain for himself or another any drug that can be lawfully dispensed by a pharmacist only on prescription, falsely represents himself to be a physician or other person who can lawfully prescribe such drug, or falsely represents that he is acting on behalf of a person who can lawfully prescribe such drug, in a telephone communication with a pharmacist, is guilty of a misdemeanor." It will be noted that this section is substantially similar to section 4390.5.

In August 1967 two felony informations, numbered 70223 and 70304, respectively, were filed against defendant Allen G. Firestine.

Count one of number 70223 charged Firestine with a violation of Business and Professions Code section 4390, in that

the "said defendant on or about the 20th day of June, 1966, at the City and County of San Francisco, State of California, did have in his possession drugs secured by means of a false, fictitious and forged prescription." Count two also charged a violation of section 4390 in that the "said defendant, on or about the 20th day of July, 1966, at the City and County of San Francisco, State of California, did falsely make, alter, forge, publish, pass and attempt to pass as genuine a prescription for a drug, to wit: Dexedrine."

The information numbered 70304 also charged Firestine with two counts of violation of section 4390. Count one recited the "said defendant on or about the 20th day of June, 1966, at the City and County of San Francisco, State of California, did then and there have in his possession drugs secured by means of a false, fictitious and forged prescription," while count two alleged the "said defendant on or about the 20th day of July, 1966, at the City and County of San Francisco, State of California, did then and there falsely make, utter and attempt to pass as genuine a prescription for narcotics."

Upon his arraignment Firestine moved to set aside both informations, as permitted by Penal Code section 995, on the ground that he had been committed "without reasonable or probable cause." An element of reasonable or probable cause is the existence of competent substantial evidence to show the commission of the crime which is charged. (*People* v. *Crosby*, 58 Cal.2d 713, 719 [25 Cal.Rptr. 847, 375 P.2d 839]; Witkin Cal. Criminal Procedure (1963) § 226, p. 212.)

The motions to set aside the informations were granted. The appeals before us have been taken from the orders granting the motions.

The record of the preliminary examination on which the information numbered 70223 was based discloses the following. On June 20, 1966, someone purporting to be Alvin Blake, M.D., telephoned a prescription for a drug called dexedrine to a pharmacy, to be delivered to Barbara Dorn at a 28th Avenue address in San Francisco. The prescription was written up and was thereafter delivered to Firestine at the designated address. On July 20, 1966, the purported Dr. Blake again telephoned the pharmacy prescribing the drug desoxyn for Barbara Dorn. The prescription was written up. Later Firestine called at the pharmacy asking for delivery to him of Barbara Dorn's prescribed drugs. This time the drugs were not given to him. The records of the State Board of Medical

Examiners indicate that there is no licensed physician and surgeon in California named Alvin Blake.

The transcript of Firestine's second preliminary examination reflects this evidence: On May 25, 1966, a person calling himself H. Schroeder, M.D., 450 Sutter Street, San Francisco, telephoned to a pharmacy a prescription for 60 five-gram dexedrine tablets for delivery to a Mrs. Lewis. The pharmacist recorded the prescription and thereafter delivered the prescribed drugs to Firestine when he appeared and asked for them. On June 7, 1966 the same purported physician telephoned, prescribing 60 dexedrine tablets for Ann Lewis. This prescription was also written up. Later Firestine picked up the prescribed drugs, stating that he was acting for Ann Lewis. Dr. Hans Schroeder testified he was the only physician and surgeon named H. Schroeder with offices at 450 Sutter Street, San Francisco, and that he did not telephone in either of the subject prescriptions.

■ As heretofore shown, the information numbered 70304 charges Business and Professions Code section 4390 offenses on June 20, 1966 and July 20, 1966, thus repeating the charges and counts of the earlier information. The Attorney General concedes that this was inadvertent, and that instead the May 25, 1966 and June 7, 1966 offenses developed at Firestine's second preliminary hearing should have been charged.

We note also that the second count of information number 70304 charges as a violation of Business and Professions Code section 4390 that Firestine did "falsely make, utter and attempt to pass as genuine a prescription for *narcotics.*" (Italics added.) No evidence of such a narcotic offense was adduced at either of Firestine's preliminary examinations. And such a crime has not been covered by section 4390 since that section's amendment in 1965.[1]

Since there was no evidence in support of the two counts of the information numbered 70304 the trial court's determination that Firestine had been committed without reasonable or probable cause as to the offenses charged therein was without error.[2,3]

[1] Generally the subject of obtaining narcotics by telephone order, or false prescription or otherwise by fraud, is covered by Health and Safety Code sections 11165-11176 and 11715-11715.7.

[2] No motion was made in the superior court to amend the information to conform to the magistrate's commitment and the evidence at the preliminary hearing.

[3] Strictly speaking, Firestine *was* committed by the magistrate on reasonable or probable cause. The information, however, charged offenses

We now direct our discussion to the trial court's ruling as it affects the information numbered 70223.

It is Firestine's contention that the evidence supporting that information establishes no more than reasonable or probable cause of a violation of Business and Professions Code section 4390.5 or Penal Code section 377,[4] a misdemeanor, over which the superior court has no jurisdiction. This is so, he argues, because as a matter of law the specific provisions of those sections must prevail over the more general language of section 4390.

It is profitable and convenient at this point to consider the application of *People* v. *Jack,* 233 Cal.App.2d 446 [43 Cal. Rptr. 566], to the issue before us. This case has been cited by both parties on this appeal, and it was carefully considered by the trial court in ruling on Firestine's motions.

The subject of *Jack* was Business and Professions Code section 4237 (repealed in 1965) which also concerned forged prescriptions.[5] With the exception that it related only to "dangerous" drugs that section appears to have been substantially the same in its form and substance as section 4390. Jack, falsely posing as "Dr. Bagnall," telephoned to a pharmacy a prescription of 50 dexedrine capsules for one Adrian Ryan. The pharmacist thereupon "wrote up" the prescrip-

---

unrelated to the evidence before the magistrate or to the commitment. The information therefore is contrary to the California Constitution article I, section 8, which authorizes offenses to "be prosecuted by information, after examination and commitment by a magistrate." It also contravenes Penal Code section 739 which after preliminary examination authorizes the district attorney to file an information charging the defendant "with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed." In such a case the court has no jurisdiction to proceed on the defective information, and on motion therefore it must be set aside. (*Parks* v. *Superior Court,* 38 Cal.2d 609 [241 P.2d 521]; *People* v. *Parker,* 91 Cal. 91 [27 P. 537]; *People* v. *Saldana,* 233 Cal.App.2d 24, 28-29 [43 Cal.Rptr. 312]; *People* v. *Hudson,* 35 Cal.App. 234, 236 [169 P. 719]; *Ex parte Fowler,* 5 Cal.App. 549, 553 [90 P. 958].) In any event the order setting aside the information numbered 70304 was proper.

[4]For convenience we hereafter refer to Business and Professions Code section 4390.5 only, and not to Penal Code section 377 which, as has been noted, is substantially to the same effect. Reference to section 4390.5 is to be deemed a reference to both sections.

[5]Business and Professions Code section 4237 read as follows: "Every person who forges or increases the quantity of dangerous drugs in any prescription or who issues a prescription bearing a forged or fictitious signature for any dangerous drug as defined herein, or who obtains any dangerous drug by any forged, fictitious, or altered prescription, or who has in possession any dangerous drug secured by such forged, fictitious, or altered prescription [is guilty of a public offense]. . . ."

tion making a record, among other things, of the name and quantity of the medication and the name and address of the prescribing doctor and the patient. Jack later appeared announcing he was there to pick up Adrian Ryan's prescription.

Jack contended that a prescription could not be forged by the mere making of a telephone call.[6] Relying heavily on *People* v. *Katz*, 207 Cal.App.2d 739 [24 Cal.Rptr. 644], the appellate court disagreed, holding that following Jack's telephone call, when the pharmacist reduced the communication to writing, *the written record became the purported doctor's prescription*. Hence, by telephoning in "a false oral prescription, he caused [the pharmacist] to make a false *written* one." (P. 457.) The court concluded (p. 456) : "It is beyond argument that this is a false writing and that the falsity is in the writing itself. [Citations.] Defendant procured the execution of the document (prescription) through the pharmacist Schenone just as effectively as if he had filled it out and signed the doctor's name himself. '[I]t need not be shown that the defendant himself executed the false instrument if there was proof that he procured its execution or aided and abetted another in doing so.' [Citations.] 'Where a person has caused a crime to be committed through the instrumentality of an innocent agent, such person is the principal.' [Citations.]"

The holding of *Jack* is applicable to the case before us. Firestine telephoned in to a pharmacy false oral prescriptions for drugs. The pharmacist thereupon made the required records. And as to count one, Firestine also picked up and possessed the drugs so obtained by the false prescription.

Moreover, it would appear that the rationale of *Jack* is not necessary to a determination in the case at bench that Firestine did falsely make a "prescription" for drugs as proscribed by section 4390 and charged in the information numbered 70223. In 1965, following *Jack* but before the occurrence of the subject matter of Firestine's alleged offenses, Business and Professions Code section 4036 was amended to define "prescription" as "an *oral* order given individually

[6]Business and Professions Code section 4215 then in effect, but since repealed, provided: " 'Prescription' means an order given individually for the person for whom prescribed, *directly from the prescriber to the furnisher* or indirectly by means of an order signed by the prescriber and shall bear the name and address of the prescriber, his license classification, the name and address of patient, name and quantity of drug or drugs prescribed; directions for use and the date of issue.". (Italics added.)

for the person for whom prescribed, directly from the prescriber to the furnisher, . . ." This amendment makes it clear that section 4390 covers the making of a false oral prescription; by his oral telephone directions to the pharmacist, Firestine had thereby committed the crime denounced by that section. It thus became immaterial whether or not the pharmacist thereafter recorded the oral prescription.

Where a criminal statute proscribes specific conduct, which conduct is an element of the broader coverage of another criminal statute, criminal acts which are no greater in scope than those denounced by the special statute must be prosecuted thereunder.

*In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593], expresses the rule in this manner: " '[W]here the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later it will be regarded as an exception to or qualification of the prior general one; . . .' " *Rose* v. *State of California*, 19 Cal.2d 713, 723-724 [123 P.2d 505] states "that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates."

*People* v. *Swann*, 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830], holds that to the extent a person's alleged criminal acts parallel those proscribed by a specific statute he may not be prosecuted under a general felony statute proscribing similar conduct. And in *People* v. *Silk*, 138 Cal.App.2d Supp. 899, 901-902 [291 P.2d 1013], involving a conflict between Penal Code section 484 (theft), and Welfare and Institutions Code section 2007 (welfare fraud), the court stated: "The conflict between the general and specific law which is controlling here also appears from the fact that proof of such violation would meet the issues of the complaint drawn under section 484 of the Penal Code, excepting only for the rule that the specific statute controls over the general. Since the material proof was exclusively a specific violation of section 2007, that section controls to the exclusion of Penal Code, section 484."

We agree with Firestine that the relationship of sec-

tion 4390 to section 4390.5 is reasonably to be considered that of a general to a special statute. It therefore follows that to the extent, but only to the extent, the specific provisions of section 4390.5 parallel those of section 4390 the specific language of the former must control over the general content of the latter.

Section 4390.5 provides in effect that it is unlawful for a person, in order to obtain any drugs, to falsely represent himself to be a person who can lawfully prescribe such drugs in a telephone communication with a pharmacist. The crime is complete on such a false representation. It does not require that one actually thereafter order a false oral prescription, or that such prescription be recorded, or that one possess drugs as a result of such a prescription. It is in the nature of an attempt, a lesser offense for which the Legislature has provided a lesser penalty.[7]

Section 4390 on the other hand makes it unlawful to commit forgery of a prescription for a drug. This is the offense shown by the evidence and charged in count two of the information here at issue. The section also makes it unlawful for a person to possess any drugs secured by means of such a forged prescription, which is the subject of the charge of count one and its evidentiary support. Since neither of these charges is covered by the specific language of section 4390.5, the general statute, section 4390, applies. (See *In re Williamson, supra,* 43 Cal.2d 651, 654; *Rose* v. *State of California, supra,* 19 Cal.2d 713, 723-724; *People* v. *Swann, supra,* 213 Cal.App.2d 447, 449; *People* v. *Silk, supra,* 138 Cal.App.2d Supp. 899, 901-902.)

It follows, as to counts one and two of the information numbered 70223, that there was reasonable and probable cause for holding Firestine for trial. As to that information the motion to set aside should have been denied.

The order granting the motion to set aside the information numbered 70223 is reversed. The order granting the motion to set aside the information numbered 70304 is affirmed.

Molinari, P. J., and Sims, J., concurred.

---

[7]We recognize that Business and Professions Code section 4390 also covers one who ''attempts to pass as genuine, any [false] prescription for any drugs'' and that under different factual circumstances it might be urged that such provision parallels section 4390.5 and that therefore the latter provision should apply. Such an issue, however, is not before us for determination.