[Crim. No. 15839.   Second Dist., Div. One.   June 30, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. VINCENT LIBERTO, Defendant and Appellant.

Apple & Dobrin and Irving D. Apple for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marilyn K. Mayer, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was convicted of forgery through the unlawful use of a credit card (§ 470, Pen. Code). He appeals from the judgment (order granting probation).

The Los Angeles home of Kenneth Shaffer was burglarized on October 27, 1967. Among the items missing (and never recovered) was Mr. Shaffer's Diner's Club card bearing a designated account number (No. 535607485); he later notified Diner's Club of the loss. On December 29, 1967, defendant presented the above numbered credit card to an employee of National Airlines in payment of two one-way tickets to Miami

costing $294.22. An air transport credit card invoice in said sum was made out and signed ''Kenneth Shaffer'' by defendant. Mr. Shaffer testified that he had never seen defendant prior to the preliminary hearing, that he had never given him permission to use his credit card or sign his name, and that the signature on the invoice was not his.

The defense consisted solely of defendant's testimony. He admitted presentment of the card for payment of the two tickets and signing Mr. Shaffer's name on the invoice, stating that the card was obtained from Joseph Morelli, a business associate, who owed him two thousand dollars; the card was turned over so that defendant could ''work off'' the debt. In the course of an asserted conversation between defendant and Morelli, the latter stated that Shaffer in turn owed Morelli an unspecified sum of money and that Shaffer had given Morelli his credit card to ''work off'' such obligation in that fashion. Cross-examination developed that the airline employee at first questioned the validity of the transaction, observing that ''there was something wrong,'' but defendant said that he then talked to Morelli who assured him that ''it would be taken care of.'' The transaction was subsequently completed, although Morelli never once indicated how much Shaffer owed him and defendant admitted that he did not know whether the amount of the two tickets was in excess of Shaffer's asserted obligation. Defendant also admitted that he saw Morelli after the arrest and made no mention of the charge that the credit card was stolen.

To support his first point that he could not be legally convicted under the general forgery statute, defendant relies on the doctrine that where the particular conduct involved in a case falls within the proscription of a general felony statute and also of a more specific enactment, the prosecution must proceed under the latter law. Cited is *People* v. *Churchill,* 255 Cal.App.2d 448, 453 [63 Cal.Rptr. 312], to the effect that ''A special statute will control a general statute where ' ''the general statute standing alone would include the same matter as the special act, and thus conflict with it . . .'' ' [citation].'' More pertinent to the problem at bar is the following from *People* v. *Ali,* 66 Cal.2d 277, 279 [57 Cal.Rptr. 348, 424 P.2d 932] (quoted in *People* v. *Churchill*) : ''Section 484a of the Penal Code was clearly intended to codify into one section all credit card offenses formerly prosecuted under various sections of the Penal Code; and, as a result of its enactment, a person charged with an offense involving a credit card may not be prosecuted therefor under the general statutes. (*People*

v. *Swann,* 213 Cal.App.2d 447, 451 [28 Cal.Rptr. 830].)''
According to defendant, since the information alleged the
forgery of a designated ''sales slip,'' the special statute con-
trolling here is section 484f subdivision (2) which provides
that ''A person other than the cardholder or a person author-
ized by him who, with intent to defraud, signs the name of
another or of a fictitious person to a credit card, *sales slip,*
sales draft, or instrument for the payment of money which
evidences a credit card transaction, is guilty of forgery.''
(Italics added.)

Section 470, on the other hand, provides in relevant part
that ''Every person who, with intent to defraud . . . falsely
makes, alters, forges, or counterfeits, any''. of the writings
specified in the section ''is guilty of forgery.'' A ''sales
slip'' is not one of the writings specifically mentioned in the
general statute, but it has nevertheless been held that the
forms of forgery set forth in section 470 are not exclusive.
(*People* v. *Searcy,* 199 Cal.App.2d 740, 743 [18 Cal.Rptr. 779,
90 A.L.R.2d 814].) In *Searcy* the court determined that the
falsification of a sales slip in connection with the use of a
stolen gasoline credit card constituted forgery even though
gasoline credit cards were not in existence when section 470
was last amended. In accord: *People* v. *Kagan* (1968) 264
Cal.App.2d 648, 655 [70 Cal.Rptr. 732] (hearing by Supreme
Court denied). Accordingly, unless (for reasons urged by
defendant) section 484f subdivision (2) pre-empts the subject
matter of the instant prosecution, we have no hestitancy in
concluding that defendant could be properly convicted under
the general statute defining forgery. ■ As stated in
*Searcy,* quoting from *People* v. *McKenna,* 11 Cal.2d 327, 332
[79 P.2d 1065] : '' 'The crime of forgery consists either in the
false making or alteration of a document without authority or
the uttering (making use) of such a document with intent to
defraud. (§ 470, Pen. Code.) Whether the forged instrument
is one of a particular name or character or, if genuine, would
create legal liability, is immaterial; the test is whether upon
its face it will have the effect of defrauding one who acts
upon it as genuine. [Citations.]' '' (*People* v. *Searcy, supra,*
p. 745.)

Section 484a, Penal Code, which governed the result in *Ali*
and *Swann,* was enacted in 1961 and in effect at the time of
those decisions. In 1967, however, such section was repealed as
part of chapter 1395, Statutes 1967, and other code sections

464

added, including section 484f: "An act to add Sections 484d, 484e, *484f,* 484g, 484h, 484i to, and to repeal Section 484a of the Penal Code, relating to criminal offenses involving credit cards." (Italics added.) Specifically, under section 1 of such 1967 enactment, section 484a is expressly repealed, and under section 4, section 484f is added. Additionally, section 8 of the Act provides as follows: "This act shall not be construed to preclude the applicability of any other provision of the criminal law which presently applies or may in the future apply to any transaction which violates this act." ▮ Since in general the rules of statutory construction are applicable to penal statutes (*People* v. *Breyer,* 139 Cal.App. 547, 550 [34 P.2d 1065, 1067]), it can be assumed that the Legislature, in enacting the 1967 law, was familiar with existing judicial decisions construing the same or related legislation. (*Stafford* v. *Realty Bond Service Corp.,* 39 Cal.2d 797, 805 [249 P.2d 241].) ▮ Too, "It is ordinarily to be presumed that the Legislature by deleting an express provision of a statute intended a substantial change in the law. [Citation.] It has been repeatedly declared that where changes have been introduced by amendment it is not to be assumed that they were without design and, further, that by substantially amending a statute the Legislature demonstrates an intent to change the pre-existing law. [Citation.]" (*People* v. *Valentine,* 28 Cal. 2d 121, 142 [169 P.2d 1].) The use by the Legislature in section 8 of the language "any other provision of the criminal law" is all-encompassing, making no distinction between general or special statutes as long as the criminal activities are within the proscribed scope of such enactments. Of further significance is the passage of such legislation within a few months after the decision in *Ali* which, as shown earlier, applied the then existing law to the facts there at bar. As was done in *Ali,* we are enjoined by section 4 of the Penal Code to construe the provisions of that code "according to the fair import of their terms. with a view to effect its objects and to promote justice." ▮ The language of section 8 being clear and unequivocal, it must be concluded that the Legislature by the further enactment of section 1 (repealing section 484a) thereby specifically intended to overcome the interpretation theretofore placed upon relevant credit card prosecutions by *Swann* and other California decisions.[1] In view of

---

[1]Further significant of the Legislature's mood is the passage in 1967 of an exactly similar enactment governing section 475, Penal Code, which proscribes the passing or receiving of forged bills or notes. (Stats. 1967, ch. 1370, § 4.)

such conclusion, the reasoning of those cases is not applicable here.

There is no merit to defendant's second, and remaining, point that his conviction as charged lacks evidentiary support. Specifically, he argues that there was an absence of any proof that he used Shaffer's credit card "with intent to defraud" and that he signed the latter's name "knowing that he had no authority so to do." (Pen. Code, § 470.) Shaffer denied that he ever gave defendant permission to use his card or to sign his name, and it is settled that "The signing of a person's name without authority, at least where the instrument has been uttered, is sufficient to imply an intent to defraud. [Citations.]" (*People* v. *Weitz*, 42 Cal.2d 338, 350 [267 P.2d 295].) Too, lack of authority to sign his name may be established by the testimony of the victim. (*People* v. *Brown*, 137 Cal.App.2d 138, 141 [289 P.2d 880].) In summary, defendant's claim to innocence of the offense charged is predicated entirely on his sworn denial of any wrongdoing and the assertedly inherent credibility of his wholly uncorroborated recital of the pertinent events. That such recital was unworthy of belief is indicated by one item of testimony alone, namely, that defendant's supposed business associate (Morelli) placed no limitation on the amount of purchases defendant could make on Shaffer's credit card. Such statement does violence to the presumption that a person (Shaffer) takes ordinary care of his own concerns. His claims to the contrary, notwithstanding, the evidence points unerringly to defendant's guilt and his conviction must, accordingly, be upheld.

The judgment is affirmed.

Fourt, Acting P. J., and Thompson, J., concurred.