[Crim. No. 31658. Second Dist., Div. Four. Aug. 30, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
SANDRA FAITH EDWARDS, Defendant and Respondent.

**Counsel**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Michael Duffy and Karen M. Berlie, Deputy Public Defenders, for Defendant and Respondent.

**Opinion**

FILES, P. J.—This is the People's appeal from an order dismissing an information upon defendant's motion made under Penal Code section 995 upon the ground that defendant had been committed without probable cause.

The information accused defendant of "the crime of grand theft, in violation of Section 487, Subdivision 1, Penal Code of California, a felony, committed as follows: That the said Sandra Faith Edwards between August 24, 1973 and September 2, 1973, inclusive, at and in the

County of Los Angeles, State of California, did willfully, unlawfully and feloneously take the property of another of a value exceeding Two Hundred Dollars ($200.00)."

The evidence received at the preliminary examination showed that on five occasions from August 25, 1973, through August 30, 1973, defendant had procured automobile repairs from a single repair shop, for which charges aggregating $228.61 were made upon a bank credit card in defendant's name, which she had presented to the repair shop. Defendant was aware that her privilege to use the card had been cancelled by the issuing bank.

The transcript also shows that defendant had used the same card for charges aggregating $143.94 at a hotel, but the dates of those transactions are not shown in the record on appeal.

To put the issue here in its proper context, we summarize the pertinent Penal Code sections on theft.

Penal Code section 484 contains a general definition of theft.

Penal Code section 487 provides in part: "Grand theft is theft committed in any of the following cases: 1. When the money, labor or real or personal property taken is of a value exceeding two hundred dollars ($200); . . ." Succeeding portions of that section define other thefts which are classified as grand theft. There is no mention of credit cards in that section.

Penal Code section 489 prescribes the punishment for grand theft.

Penal Code section 484g provides: "Every person who, with intent to defraud, (a) uses for the purpose of obtaining money, goods, services or anything else of value . . . a credit card which he knows is forged, expired or revoked . . . is guilty of theft. If the value of all money, goods, services and other things of value obtained in violation of this section exceeds two hundred dollars ($200) in any consecutive six-month period, then the same shall constitute grand theft."

In the trial court defendant's counsel relied upon *People* v. *Swann* (1963) 213 Cal.App.2d 447 [28 Cal.Rptr. 830], for the proposition that a credit card fraud can be prosecuted only under a statute specifically

applying to credit cards, and not under the general forgery or theft statutes.

The rationale of the *Swann* case was that the Legislature had intended that the special statute relating to offenses committed through the use of credit cards would govern rather than the more general statutes which might otherwise have been applicable.

Defendant's reliance upon *Swann* overlooks the statutory history which preceded and followed that decision.

In 1961 the Legislature codified into a new Penal Code section 484a various credit card offenses which had theretofore been prosecuted under other sections of the Penal Code. Section 484a also prescribed the punishment to be imposed for each kind of credit card offense which was defined in that section. As a result of that enactment, a forgery or theft involving the use of a credit card could not be prosecuted under the general forgery or theft statutes. (*In re Williams* (1969) 1 Cal.3d 168, 172 [81 Cal.Rptr. 784, 460 P.2d 984] (forgery); *People* v. *Swann, supra,* 213 Cal.App.2d 447 (forgery); see *People* v. *Ali* (1967) 66 Cal.2d 277, 279 [57 Cal.Rptr. 348, 424 P.2d 932] (theft).)

The 1967 Legislature, in chapter 1395, repealed section 484a and enacted Penal Code sections 484d, 484e, 484f, 484g, 484h and 484i, all of which deal with credit card offenses. Section 8 of chapter 1395 states: "This act shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this act."

Subsequent judicial decisions have recognized that the purpose and effect of this 1967 legislation was to make the *Swann* rule inapplicable to prosecutions for forgery arising out of credit card transactions. (*People* v. *Gingles* (1973) 32 Cal.App.3d 1030, 1036 [108 Cal.Rptr. 744]; *People* v. *Liberto* (1969) 274 Cal.App.2d 460, 462 [79 Cal.Rptr. 306].)

The same interpretation applies to the present case. Penal Code section 484g expands and particularizes the definition of grand theft as it appears in section 487. Section 484g, unlike former section 484a, does not create any separate offense, nor does section 484g state the punishment for the offense it describes. The punishments for grand theft, whether or not the theft is of the species described in section 484g, are stated in Penal Code section 489.

The evidence received at the preliminary examination indicates that the defendant committed acts which section 484g says "shall constitute grand theft." It is immaterial here that the prosecutor saw fit to mention section 487 and not 484g in the accusatory pleading. The only offense which is involved is grand theft, and the information adequately pleads that charge in conformity with Penal Code sections 952 and 960.

A motion to dismiss an information under Penal Code section 995 may be made only upon the ground that the defendant had not been legally committed, or that she had been committed without reasonable or probable cause. The record of the superior court contains no basis for granting such a motion.

The order of dismissal is reversed.

Kingsley, J., and Jefferson (Bernard), J., concurred.