## THE PEOPLE *v.* STONE.

DEFENDANT owed B., and to secure the debt, made a bill of sale to him of a wagon and team, and delivered possession. Bill of sale absolute on its face; but there was an agreement between defendant and B., that B. should keep the property until the profits thereof had paid him about $1,000, or until he had been otherwise paid, when the property was to be delivered back to defendant. After this, L., a teamster of B., was directed by him to drive a horse and mule of the team in a wagon to a mill in the neighborhood. L. drove the team to Sacramento, instead of the mill. Creditors of defendant there levy on the wagon and animals. Defendant is indicted for larceny; and, after proof on the trial seeking to connect him with driving the team to Sacramento, and its seizure there, he offered to go into a statement of accounts between himself and B., to show that the debt to B. had been paid before L. took the property. Ruled out, on the ground that this matter "must be settled in another Court:" *Held*, that the Court erred; that the facts sought to be introduced were competent, as tending to explain the transaction, and show the intent with which defendant took the property, or as showing whose property it was, or the general or particular title to it; that all the facts connected with the title and the taking, should go to the jury, who can try the question whether the indebtedness had been paid.

Larceny is compounded of the taking and carrying away *and* the felonious intent. Whatever has a legal tendency to show the intent, is proper evidence.

A mortgagee, in possession of personal property, has such a title that a felonious taking of the property by the mortgagor would be larceny.

A man may steal his own property, if, by taking it, his intent be to charge a bailee with the property, and thus impose a loss on him.

APPEAL from the Court of Sessions of Placer.

The indictment was against both Stone and Lipstein, and contained two counts; the one, a general count for stealing; the other, setting forth the facts that Lipstein, being the servant of Barrett, the prosecutor, took the property away, aided and supported by Stone, with the felonious intent of stealing and defrauding, etc. The language of the indictment, as to the character of Lipstein's trust, is: "And the said Lipstein, being a person hired by one Barrett, as a servant, on or about," etc., aided and abetted, etc., did, "by artifice and contrivance, feloniously go away with the personal property of another, to wit: the property of said Barrett, (description and value is here given) with intent to steal the same, and defraud the owner thereof, to wit: to defraud said Barrett, the employer of said Lipstein, contrary to the trust and confidence in him, said Lipstein, reposed by his said employer Barrett."

Stone, alone, seems to have been tried.    Further facts appear in the opinion.    Defendant appeals.

*Heydenfeldt and E. B. Crocker*, for Appellant.

1. The question is, whether a person is guilty of larceny who takes his own property, pledged to a bailee, out of the possession of the bailee, under a claim of right, and without any intention of charging the bailee with its value.    This is putting the case stronger than the facts will warrant, but we do it to avoid all controversy about the facts.    The principle of law is, that where a man takes his own goods, it is not larceny, unless it be in the hands of a bailee, and the taking of them has the effect of charging the bailee with their value.    (Wharton Crim. Law, secs. 1807, 1808, 1809; 2 Russell on Crimes, 8 to 10; 1 Hawkins' Crim. Law. Ch. 33, sec. 30; *Palmer* v. *The People*, 10 Wend. 165.) It will be noticed that, in all these authorities, the point is, that the taking was with the intention of charging the bailee.    If goods be taken on a claim of right or property in them, it will be no felony.    (2 Russell on Crimes, 9 and 10.)    In any case, if there be a fair pretense of property or right in the prisoner, or if it be brought into doubt at all, the Court will direct an acquittal.    (2 East. Crim. Law, Ch. 16, sec. 95.)    In every crime, there must be an union of act and intention, or criminal negligence.    Intention is manifested by the circumstances connected with the perpetration of the offense.    (Wood's Dig. 329, secs. 1 and 2.)

2. There are two counts in the indictment—one for stealing, generally, and the other setting forth the facts, that the property was stolen from Barrett by Lipstein, he being Barrett's bailee.    This Court has held, that in this offense of stealing by a bailee, under the statute, the indictment must distinctly set forth the character of the bailment, etc. (*People* v. *Cohen*, 8 Cal. 42.)

*Thomas H. Williams, Attorney General*, for Respondent.

No brief on file.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

In this case, the defendant was convicted of larceny, the offense charged being the felonious taking of a wagon and team.    It was

proved by the prosecution that Stone owed the prosecutor, Barrett, a sum of money, and, to secure it, made to Barrett a bill of sale of this property, and delivered him the possession. The bill of sale was absolute on its face, but the agreement or undertaking was, that Barrett should keep the property until the profits had paid him about the sum of $1,000, or until the indebtedness had been otherwise paid; in which event the property was to be delivered back to Stone. Subsequently to this transaction, one Lipstein, a teamster of the prosecutor, by the latter's direction, drove off a horse and mule—part of the property conveyed—in a two-horse wagon. He was ordered to go to a mill in the neighborhood, but instead of going there, he went to Sacramento with the wagon and animals, where they were levied on by the Sheriff, for a debt of Stone's. It was sought to connect Stone with this transaction. After proof of this character, and other proof, the defendant proposed to go into a statement of accounts between him and Barrett, in order to show that the debt to Barrett had been paid prior to the taking of the property by Lipstein; but the Court refused to hear the proof, upon the ground that this matter "must be settled in another Court." In this ruling the Court erred. The crime of larceny is compounded of the taking and carrying away of property *and* the felonious intent. Whatever has a legal tendency to show the intent, is proper evidence. The facts sought to be introduced, whatever weight they were entitled to, tended to explain the transaction. If, for example, the defendant showed that this debt had been discharged, and that, by the contract, this discharge revested the property in him, the taking of the property from the possession of Barrett would be presented in a different light from that of a taking when he had no right or claim to it. It is not every trespass that is a larceny. The felony is in the intent to appropriate another's property, the taker knowing that he had no right or claim to it; and although this intent may sometimes be presumed from circumstances, yet, in cases like the present, the law permits all the facts connected with the title and the taking to come before the jury, that they may judge of the intent. If the transaction were as the witness for the prosecution describes it, the bill of sale would amount only to a mortgage; and though this, coupled with the possession, would, until payment, give the mortgagee such title as that a felonious taking of the property by the mortgagor would be larceny, yet the defendant was entitled to show that, by the terms of the contract, he was entitled to the possession, and that it was his own property,

and thereby to repel the idea that he meant to steal it. It is very true, that a man may steal his own property, if, by taking it, it is his intent to charge a bailee with it; but the criminality of this is not in simply taking the possession, but in imposing a loss on the bailee, and this offense depends upon somewhat different principles from the one charged in the indictment, and probably the defendant could not be convicted under this indictment of it, the facts stated in the indictment, as to the ownership, not agreeing with this state of the case.

It is not necessary to go into this matter, for it is clear that the defendant was entitled to offer any legal proof showing the intent or conducing to show the intent with which he took the property, or showing whose property it was, or the general or particular title to it; and this proffered evidence did have that tendency. Its sufficiency is a question for the jury. We do not see why the jury in the Court of Sessions could not as well try the question of fact, whether this indebtedness has been paid, as a jury of the District Court.

For this error, the judgment must be reversed, and the cause remanded.

Let the remittitur issue immediately.