# THE PEOPLE OF THE STATE OF CALIFORNIA v. WILLIAM H. THOMPSON.

JUROR—COMPETENCY OF.—Under the Jury Act, (Stats. 1863, p. 630, Sec. 1, Sub. 3,) a person otherwise qualified, is not a competent juror unless he has been " assessed on the last assessment roll of his township or county, on real or personal property, or both, belonging to him, if a resident at the time of the assessment."

LARCENY OF ONE'S OWN GOODS—INSTRUCTION.—An instruction to the effect that if a man takes his own goods from the possession of his bailee, without the knowledge or consent of the latter, such taking was no larceny, was properly refused.

IDEM—In such case, the taking will be larceny or not, according to the intent with which the taking is accomplished. If done with intent to charge the bailee, it is larceny.

APPEAL from the County Court of Mendocino County.

The defendant was indicted for the crime of grand larceny, and on trial was convicted of the offense, as charged. At the impaneling of the trial jury, J. H. Crow, who had been regularly drawn and was in attendance as a trial juror, was challenged for cause, on the part of the People. The challenge was sustained by the Court, and the juror excused, to which the defendant excepted. The defendant likewise excepted to the refusal of the Court to give to the jury the second instruction asked for by him. The defendant moved for a new trial on the ground, among others, of error in law occurring at the trial, to wit: in allowing the challenge to said juror, and in refusing said second instruction; also that the verdict was contrary to the evidence. The motion was denied by the Court, and the defendant appealed from the judgment and the order of the Court denying a new trial.

The other facts are sufficiently stated in the opinion of the Court.

*R. McGarvey*, and *J. B. Lamar*, for Appellant.

*Jo Hamilton, Attorney General*, for the People.

By the Court, SANDERSON, J. :

A person, otherwise qualified, is not a competent juror unless he has been " assessed on the last assessment roll of his township or county, on real or personal property, or both, belonging to him, if a resident at the time of the assessment." (Statutes 1863, p. 630, Sec. 1, Sub. 3.) The case shows that Crow was a resident of Mendocino County at the time the assessment for that county—before the trial of this case—was made, but that he was not on the assessment roll. It follows that he was not a competent juror, and that the Court below did not err in allowing the challenge interposed by the District Attorney.

The second instruction asked on behalf of the defendant, to the effect that if a man takes his own goods from the possession of his bailee, without the knowledge and consent of the latter, such taking is no larceny, was properly refused, for it does not state correctly the principle applicable to the question. If a man takes his own goods from the possession of his bailee, without his knowledge and consent, the taking may or may not be larceny. Whether it is or is not, depends upon the intent with which the taking was accomplished. If the goods are taken with intent to charge the bailee with them, the taking becomes felonious. (*People* v. *Stone*, 16 Cal. 369.)

The proof as to the ownership of the horses alleged to have been stolen might have been more satisfactory, but we are not prepared to say that it does not sustain the verdict.

Judgment and order affirmed.