[Crim. No. 7145. Second Dist., Div. Two. Apr. 25, 1960.]

In re JAMES THOMAS JOINER, on Habeas Corpus.

*Assigned by Chairman of Judicial Council.

Robert H. Lund for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

KINCAID, J. pro tem.*—James Thomas Joiner, hereinafter referred to as petitioner, is in custody in the Los Angeles County jail pending trial in the superior court of the crimes of burglary in violation of section 459, and of grand theft in violation of section 487, subdivision 3, Penal Code, felonies. He has now filed a petition for a writ of habeas corpus contending that, assuming all facts testified to by witnesses at the

*Assigned by Chairman of Judicial Council.

preliminary hearing of petitioner and all inferences reasonably arising from said facts to be true, his detention is illegal and the order holding him for trial in the superior court is void in that said court is without subject matter jurisdiction to proceed to trial on the charged offenses.

Count I of the information filed against petitioner charges commission by him of burglary, a felony, in that on August 26, 1959, he wilfully entered the premises and building occupied by Harbor Lincoln-Mercury in Long Beach, with the intent then and there therein unlawfully and feloniously to commit theft. In Count II he is charged with commission of the separate offense of grand theft, a felony, in that on the same day he did wilfully, unlawfully and feloniously take a certain automobile, then and there the personal property of said James Thomas Joiner, on which Harbor Lincoln-Mercury had a repairman's lien under section 3051 of the Civil Code.

The evidence by virtue of which defendant is now held for trial in the superior court is generally as follows: On August 26, 1959, petitioner took his 1957 Ford automobile to the premises of Harbor Lincoln-Mercury, hereinafter referred to as "Harbor" for the purpose of obtaining certain repairs and signed a repair order therefor using the fictitious name of "Bill Marlin." Harbor then caused the specified repairs to be made on said automobile.

The service department of Harbor closed at 5 p.m. although the back door of the service department was left open. The ignition keys of all automobiles not then called for by the owners were left with the sales department at the front of the building. During the evening of said date petitioner returned to the premises of Harbor, entering through the open rear door of the service department, and without obtaining authority or permission or paying the agreed charges for repairs and by means of using another key to said automobile, he drove the vehicle from the premises.

Following arraignment in the superior court petitioner filed his motion under section 995 of the Penal Code to dismiss the above information and on denial thereof filed his petition with said court for a writ of habeas corpus on the same grounds as hereinabove set forth. This petition was likewise denied.

■■ Habeas corpus lies to test whether there is probable cause to justify the committing magistrate in holding petitioner for trial. (*In re Bell,* 19 Cal.2d 488, 494 [122 P.2d 22].)

■ On habeas corpus the scope of the inquiry may extend to a review of the entire record in an effort to ascertain

whether the court had jurisdiction and whether such jurisdiction was exceeded. (*In re Bell, supra,* p. 503; *In re Clarke,* 60 Cal.App.2d 21 [140 P.2d 92].)

Section 3051, Civil Code, provides in part that "keepers of garages for automobiles shall have a lien, dependent on possession for their compensation in caring for and safekeeping, and for making repairs and performing any labor upon or furnishing supplies or materials for such automobiles." This section is included within chapter 6 of title 14 of the Civil Code entitled "Miscellaneous Liens." Section 425, Vehicle Code[1] is specifically limited to vehicles and likewise provides for a lien, dependent upon possession, for repairs thereon. This section, together with section 430, Vehicle Code, is in division 8, chapter 1 of the Vehicle Code entitled "Garages, Etc.— Liens on Vehicles." Section 430[2] was enacted in 1935, was based on former section 537d, Penal Code, and is as follows: "Unlawful Removal or Obtaining of Vehicle Subject to Lien. It is a misdemeanor for any person to obtain possession of any vehicle or any part thereof subject to a lien under this chapter through surreptitious removal or by trick, fraud, or device perpetrated upon the lienholder."

By the wording of the foregoing section 430, it seems clear that the Legislature intended this specific legislative enactment to cover the subject of the unlawful surreptitious removal of any vehicle from possession of a lienholder having a lien thereon under section 3051, Civil Code, or 425, Vehicle Code. By making this section applicable alone to vehicles it evidences an intent to differentiate between this class of personal property and other articles and classes covered by section 3051, Civil Code.

The rule is well established that where a general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where, as here, the special statute is later it will be regarded as an exception to or qualification of the prior general one. (*In re Wil-*

---

[1]Now section 3068, Civil Code.

[2]Chapter 6.5, entitled "Liens on Vehicles" was added to the Civil Code at the 1959 session of the Legislature, effective September 18, 1959. Former section 430, Vehicle Code, was removed from that code and in identical language was enacted as section 3075, a part of chapter 6.5, Civil Code.

*liamson,* 43 Cal.2d 651, 654 [276 P.2d 593] ; *People* v. *Silk,* 138 Cal.App.2d Supp. 899, 900 [291 P.2d 1013].)

 The word ''surreptitious'' has been defined as follows : ''1) Done, . . . acquired, . . . etc., by stealth, or without proper authority ; . . . clandestine ; as, . . . a surreptitious removal of goods. . . . 2) Acting, or doing something, clandestinely ; stealthy ; . . .''

 The word ''clandestine'' has been defined as follows : ''Conducted with secrecy by design, usually for an evil purpose ; . . . illicitly covert ; underhand.''

*Websters New International Dictionary,* Second Edition Unabridged—1943.

 Measuring the acts of petitioner with these definitions his unlawful entry of the Harbor premises during the night time, through an open rear door and by using a second ignition key driving his vehicle from such place of business without permission, or paying his bill for repairs and for the purpose of evading such payment constitutes a surreptitious removal. These acts then must be construed as violating the provisions of the special and subsequent section 430, Vehicle Code, a misdemeanor, and the petitioner is not subject to prosecution on either of the felony charges now confronting him by reason of the information on file.

In arguing that under the facts herein shown petitioner is guilty of burglary, in that he entered the Harbor premises for the purposes of committing theft, respondent cites *People* v. *Cain,* 7 Cal.App. 163 [93 P. 1037]. There a cow had been left for pasture for compensation. On nonpayment the agister held the animal by virtue of a lien under section 3051, Civil Code. The owner then stole it from possession of the agister and the court held this act to be one of larceny and that defendant properly could be prosecuted under section 484, Penal Code. The Cain case is not factually applicable to the cause now before us. There the article of personal property was a cow, and in the absence of a special section dealing with such an animal the general code provisions relating to its unlawful taking would apply. Here we are dealing with a vehicle as to which the Legislature has enacted a special governing provision.

Since acts in violation of section 430, Vehicle Code, are specifically made a misdemeanor, the superior court is without jurisdiction to proceed under the pending information charging petitioner with the crimes of burglary and grand theft, felonies. The municipal court has exclusive subject matter

jurisdiction of the offense shown to have been committed. (*In re Williamson, supra,* p. 655; Pen. Code, §§ 1462, 1462.2.)

The writ of habeas corpus is granted and the sheriff of Los Angeles County is ordered to discharge the petitioner from custody.

Fox, P. J., and Ashburn, J., concurred.