[Civ. No. 34292. Fourth Dist., Div. Three. May 23, 1984.]

NORMAN FINN, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Gregory W. Jones for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Steven B. Bickel, Deputy District Attorneys, John K. Van de Kamp, Attorney General, Herschel T. Elkins, Assistant Attorney General, M. Howard Wayne and Michael R. Botwin, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**CROSBY, J.**—This writ proceeding to test the superior court's refusal to dismiss an information presents a classic illustration of the legal axiom that a specific statute prevails over a general one, the so called "*Swann-Gilbert*" or "*Williamson*" rule in the law of crimes of California.

I

Norman Finn is a mobilehome dealer. Phyllis Wingett listed her furnished mobilehome at the Salton Sea with him. The listing agreement provided Wingett was to net $10,000, and Finn was to retain any excess as his commission.

Finn found a buyer who paid $13,500 for the mobilehome unfurnished. He told Wingett he could obtain but $7,500, however, and she accepted—not knowing the buyer had already moved in. The sales contract was signed and the money transferred in Finn's Orange County office. Wingett later learned the truth concerning the sales price and that Finn had purloined her furnishings. She went to the police.

## II

This otherwise simple little grand theft case (Pen. Code, §§ 484/487) is ironically complicated by several sections of the Health and Safety Code enacted as part of a comprehensive scheme of regulating business practices in the sale of mobilehomes entitled the "Mobilehomes-Manufactured Housing Act of 1980" (Health & Saf. Code, § 18000 et seq.). Section 18060.5 of the Health and Safety Code reads in part, "With respect to business practices, it is unlawful to do any of the following: . . . (c) Cause the state or any person to suffer any loss or damage by reason of any fraud or deceit practiced on them or fraudulent representations made to any person in the *sale or purchase* of a . . . mobilehome, or commercial coach or parts or accessories thereof."[1] (Italics added.) The words "fraud" and "deceit" are defined in Health and Safety Code section 18004.6: " 'Fraud' includes any act or omission which is included within the definition of either 'actual fraud' or 'constructive fraud' as defined, respectively, in Sections 1572 and 1573 of the Civil Code, and the term 'deceit' has the same meaning as defined in Section 1710 of the Civil Code. [¶] In addition, the terms 'fraud' and 'deceit' include, but are not limited to, the following: [¶] (a) A misrepresentation in any manner, whether intentionally false or due to gross negligence, of a material fact. [¶] (b) A promise or representation not made honestly and in good faith. [¶] (c) An intentional failure to disclose a material fact. [¶] (d) *Any act falling within the provisions of Section 484 of the Penal Code.*" (Italics added.)

A violation of section 18060.5, subdivision (c) is made a misdemeanor by section 18020.5 of the Health and Safety Code. Penal Code section 484 is, of course, a felony when *any* automobile (Pen. Code, § 487, subd. 3) or other property of a value in excess of $400 is stolen (Pen. Code, § 487, subd. 1). Penal Code section 484 reads in part as follows: (a) "Every person who shall . . . knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money . . . is guilty of theft. . . ."

---

[1]An interesting question not briefed or argued here—and which we do not reach—is whether the victim's furniture comes within the rubric "parts or accessories thereof" of this section.

■ A settled rule of statutory construction precludes prosecution under a general statute when a more specific one describes the conduct involved. (*People* v. *Ruster* (1976) 16 Cal.3d 690 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]; *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580].) "[W]here the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment." (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].)

The statutes need not even contain identical elements: "It is not correct to assume that the rule is inapplicable whenever the general statute contains an element not found within the four corners of the 'special' law. Rather, the courts must consider the *context* in which the statutes are placed. If it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the 'general' statute, the *Williamson* rule may apply even though the elements of the general statute are not mirrored on the face of the special statute." (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 502 [170 Cal.Rptr. 1, 620 P.2d 587].) ■ Here the specific statute actually incorporates the general statute as part of the definition of the crime. Thus, while there are other ways to commit the Health and Safety Code misdemeanor in the sale of a mobilehome, the doing of an act proscribed by section 484 of the Penal Code in a mobilehome sale must *always* violate the former statute.

There appears no escape from the defense argument that the specific Health and Safety Code provision applicable to fraud in the sale of a mobilehome must prevail over the Penal Code's general grand theft statute, although the potential for injustice is great, as the prosecution argues. Also, it makes little sense to subject a car thief to greater punishment than one who steals a home. We can only suppose the Legislature did not contemplate the problem. A reduction in the available punishment for fraud in the sale of a mobilehome seems quite inconsistent with the spirit of the balance of the consumer protection package in which the statute is found.

The Legislature can easily correct the result we reach today, however, if it was not anticipated and intended. For example, in *People* v. *Swann* (1963) 213 Cal.App.2d 447 [28 Cal.Rptr. 830], the court held then recently enacted credit card forgery statutes prevailed over the more general Penal Code forgery offenses with their heavier punishments. In response to *Swann* the Legislature reexamined and restructured the statutory scheme and added a savings clause: "This act shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this

act." (Stats. 1967, ch. 1395, § 8, p. 3260.) This language was properly interpreted to permit prosecution under alternate theories in *People* v. *Gingles* (1973) 32 Cal.App.3d 1030, 1036 [108 Cal.Rptr. 744].

The legislation we examine presently contains no similar savings clause. The district attorney suggests a line in section 18000.5 of the Health and Safety Code can be so construed: "The provisions of this part, insofar as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations, and not as new enactments." This general language can hardly prevail over the specific mandate of section 18020.5 of the Health and Safety Code, which classifies Finn's alleged conduct, an obvious violation of section 18060.5, as a misdemeanor.

As in *Swann,* we must follow the applicable rule of statutory construction. Until such time as the Legislature corrects what reason and common sense suggest is probably not a product of legislative intent but of legislative inattention, fraud in the sale of a mobilehome may only be prosecuted as a misdemeanor. Although the People strenuously argue we should not adopt an "absurd" position, we do not agree Finn's position is anything approaching absurd. On its face the special statute controls. If that is not the wish of the Legislature, it will presumably react accordingly. In the meantime, it is more important for our system of justice to observe well-founded and established rules, than to create false exceptions in order to apply an apparently more appropriate penalty to a particular miscreant.

As to the crime of fraud in the sale of a mobilehome, Finn may only be prosecuted for the specific misdemeanor violation described in Health & Safety Code section 18060.5, subdivision (c). Let a peremptory writ of prohibition issue as prayed. The alternative writ is discharged.

Trotter, P. J., and Wallin, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied July 18, 1984.