TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-202 |
| of | : | |
| | : | June 9, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DICK MONTEITH, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

When the owner of a vehicle has been arrested for driving without a valid license and the vehicle has been impounded, may the owner be found guilty of grand theft for removing the vehicle from the impounding agency's custody without permission or authority prior to the expiration of the 30-day impoundment period?

CONCLUSION

When the owner of a vehicle has been arrested for driving without a valid license and the vehicle has been impounded, the owner may be found guilty of grand theft for removing the vehicle from the impounding agency's custody without permission or authority prior to the expiration of the 30-day impoundment period.

ANALYSIS

Vehicle Code section 14602.6 **Footnote No. 1** provides:

"(a) Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked or without ever having been issued a license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle, without the necessity of arresting the person . . . . A vehicle so impounded shall be impounded for 30 days. The impounding agency, within two working days of impoundment, shall send a notice by certified mail, return receipt requested, to the legal owner of the vehicle, at the address obtained from the department, informing the owner that the vehicle has been impounded. Failure to notify the legal owner within two working days shall prohibit the impounding agency from charging for more than 15 days' impoundment when the legal owner redeems the impounded vehicle.

redeems the impounded vehicle.

"(b) The registered and legal owner of a vehicle that is removed and seized under subdivision (a) or their agents shall be provided the opportunity for a storage hearing to determine the validity of, or consider any mitigating circumstances attendant to, the storage . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

We are asked whether the owner of a vehicle that has been impounded pursuant to section 14602.6 may be found guilty of grand theft if he or she removes the vehicle without permission or authority from the custody of the impounding agency before the expiration of the impoundment period. We conclude that a person may be found guilty of grand theft in such circumstances.

Penal Code section 487 defines "grand theft" as follows:

"Grand theft is theft committed in any of the following cases:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) When the property taken is an automobile, firearm, . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Penal Code section 489 prescribes the punishment for grand theft:

"Grand theft is punishable as follows:

"(a) When the grand theft involves the theft of a firearm, by imprisonment in the state prison for 16 months, 2, or 3 years.

"(b) In all other cases, by imprisonment in a county jail not exceeding one year or in the state prison."

The key statute requiring our analysis is Penal Code section 484, which defines "theft" as follows:

"(a) Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

In the circumstances presented for consideration, the owner of a vehicle has removed the vehicle from an impounding agency's custody without permission or authority prior to the expiration of the statutory impoundment period. The owner has not contested the seizure or impoundment of the vehicle through the storage hearing procedure established by the Legislature. (§ 14602.6, subd. (b).) Rather, the owner has taken the vehicle at a time when he or she has no right to possession.

While the taking of a vehicle may ordinarily be considered grand theft (Pen. Code, § 487, subd. (d)), is the vehicle in these circumstances "the personal property of another" (Pen. Code, § 484, subd. (a)) so as to constitute "theft"? In other words, may a person be found guilty of stealing his or her own

automobile?

The answer to that question has been settled in California for well over 100 years. In the early case of *People* v. *Stone* (1860) 16 Cal. 369, the possession of certain personal property was given by the owner to his creditor until his debt was paid. The Supreme Court ruled that the owner could be found guilty of larceny ("feloniously go away with the personal property of another") if he took back the property without the consent of the creditor prior to the time the debt was paid. (*Id*., at p. 372.) The Supreme Court ruled similarly in the cases of *People* v. *Thompson* (1868) 34 Cal. 671, 672 ("If a man takes his own goods from the possession of his bailee, without his knowledge and consent, the taking may . . . be larceny") and *Jones* v. *Jones* (1886) 71 Cal. 89, 92 ("A man may steal his own property"). In *People* v. *Cain* (1907) 7 Cal.App. 163, 167, the court declared:

> ". . . The phrase, `personal property of another,' as used in section 484 of the Penal Code, correctly interpreted, means property in the possession of another who is entitled as bailee, or otherwise, to retain possession thereof for some benefit or profit to himself to the exclusion of all others, rather than the absolute ownership defined by section 679 of the Civil Code. Our conclusion is that the taking of property by the general owner thereof from the possession of one who rightfully holds it as bailee or otherwise for benefit to himself, with the intent to charge such bailee with the value thereof, or deprive him of such benefit, constitutes larceny." **Footnote No. 2**

In *People* v. *Photo* (1941) 45 Cal.App.2d 345, 351, the court reaffirmed that the phrase "personal property of another" may refer to someone who has rightful custody of the property but not absolute ownership:

> "The allegation in the information that appellants `took the personal property of another,' as that term is used in section 484 of the Penal Code, means property in the possession of another who is entitled as bailee, lien claimant, or otherwise, to retain possession thereof for some benefit or profit to himself to the exclusion of all others, rather than the absolute ownership, defined in section 679, Civil Code. . . ."

Here, we are given that the owner of the vehicle has no right of possession at the time of the taking of the vehicle from the custody of the impounding agency. We believe that the foregoing cases support the conclusion that one may be prosecuted for taking his or her own property from another's lawful possession. A charge of grand theft may thus be proved under the limited facts we have been given. (See *People* v. *Stone*, *supra*, 16 Cal. at 373; *People* v. *Photo*, *supra*, 45 Cal.App.2d at 353.)

We realize that the taking of a vehicle from the lawful possession of another may constitute different crimes depending upon the circumstances, especially upon the intent of the person taking the vehicle. (See § 10851; Pen. Code, § 459; Civ. Code, § 3070, subd. (b); *People* v. *Morales* (1993) 19 Cal.App.4th 1383, 1392-1393; *People* v. *Pater* (1968) 267 Cal.App.2d 921, 923-924.) Also, "[a] settled rule of statutory construction precludes prosecution under a general statute when a more specific one describes the conduct involved. [Citations.]" (*Finn* v. *Superior Court* (1984) 156 Cal.App.3d 268, 271; see *In re Joiner* (1959) 180 Cal.App.2d 250, 253.) **Footnote No.3** However, we do not have facts establishing an offense under any other criminal statute. (See, e.g., *People* v. *Curtin* (1996) 22 Cal.App.4th 528, 531 [discussion of crimes of larceny by trick and device and obtaining property by false pretenses].) Accordingly, the general statute making grand theft a crime (Pen. Code, § 487) would be applicable here. **Footnote No. 4**

We thus conclude that when the owner of a vehicle has been arrested for driving without a valid license and the vehicle has been impounded, the owner may be found guilty of grand theft for removing the vehicle from the impounding agency's custody without permission or authority prior to the expiration of the 30-day impoundment period.

\* \* \* \* \*

**Footnote No. 1**

All references hereafter to the Vehicle Code are by section number only.

**Footnote No. 2**

Civil Code section 679 provides:

"The ownership of property is absolute when a single person has the absolute dominion over it, and may use it or dispose of it according to his pleasure, subject only to general laws."

**Footnote No. 3**

If inconsistencies exist in the punishment for similar offenses under different statutes, it is for the Legislature to consider and address. (*Finn* v. *Superior Court*, *supra*, 156 Cal.App.3d at 271.)

**Footnote No. 4**

In *In re Joiner*, *supra*, 180 Cal.App.2d 250, the court found that the grand theft statute was inapplicable on facts somewhat similar to those present here, since a specific statute covered the actions of the defendant. The Legislature has changed the statutory language examined in *Joiner*, and it would no longer cover the limited circumstances we have been given. Hence, sections 484 and 487 remain applicable to our situation.