[No. G022388. Fourth Dist., Div. Three. June 11, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
RENE MEJIA, Defendant and Appellant.

## COUNSEL

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Douglas P. Danzig, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, J.**—Rene Mejia appeals his conviction for possession of a firearm within a school zone. (Pen. Code, § 626.9; all further statutory references are to the Penal Code.) He claims the trial court misinstructed the jury on what constitutes possession within a school zone. (§ 626.9, subd. (e)(1).) We conclude the court's instructions were correct and affirm the judgment of conviction.

### FACTS

Police officers observed defendant's stopped vehicle facing the wrong direction on Western between Wisteria and Highland. The center of Western demarcates a 1,000-foot perimeter surrounding the Monte Vista School.

The officers initiated a traffic stop. Defendant, the driver and sole occupant of the car, did not yield, but jumped out of his moving vehicle and fled. He was apprehended a short distance away from the car. During the pursuit, an officer saw a shiny metal object in his hand. He retraced defendant's steps and located a .380-caliber handgun.

At trial, defense and prosecution experts testified extensively about various measurements of the area surrounding Monte Vista School. Despite the differences in their testimony, defendant concedes at least part of his car was within 1,000 feet of a school at the time the officers first saw him.

### DISCUSSION

During deliberations, the court received the following question from the jury: "Does it matter where the gun is in the car, where the person is in the car, where the car is. Could part of the car be inside 1000 ft., and part of the car be outside 1000 ft.; if so where is the possession?" The court responded that it did not matter where within the car defendant or the gun was located, as long as the jury determined at least part of the car was within the 1,000-foot perimeter. We conclude the trial court's response to the jury's question was correct.

Former section 626.9 prohibited, with certain exceptions, gun possession on school grounds. In 1994, the Legislature enacted the "Gun-Free School

Zone Act of 1995" to expand the scope of section 626.9 to include gun possession within a "school zone." (Stats. 1994, ch. 1015.) A school zone is defined by the statute as "an area in, or on the grounds of, a public or private school . . . and within a distance of 1,000 feet from the grounds of the public or private school." (§ 626.9, subd. (e)(1).)

Defendant argues the trial court's response constitutes an erroneous interpretation of section 626.9 because the term "within" should be interpreted to require actual physical possession of a gun wholly within 1,000 feet of a school. ■ " '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said and the plain meaning of the language governs." [Citation.]' " (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) Further, the words must be " 'read in context, considering the nature and purpose of the statutory enactment.' [Citation.]" (*Torres* v. *Automobile Club of So. California* (1997) 15 Cal.4th 771, 777 [63 Cal.Rptr.2d 859, 937 P.2d 290].)

■ The term "within" generally connotes something inside, or contained in the inner portion. (See Webster's New Internat. Dict. (3d ed. 1981) p. 2627.) Thus, under the plain meaning of the language, section 626.9 prohibits gun possession 1,000 feet or less from school property. However, reading the language in context and consistent with the Legislative intent, the facts before us are sufficient to find defendant violated the statute.

First, a car partially within the school zone is a car wholly within the school zone for purposes of the statute. It is a situation analogous to officers discovering a suspect straddling the 1,000-foot perimeter line. Just as one may not sever a portion of his or her body to escape prosecution, defendant may not sever his car into parts and declare half outside the school zone. Under this commonsense application of the statutory language, even the circumstantial evidence presented here is sufficient to sustain the conviction.

Further, defendant fails to acknowledge the two types of possession applicable under law. One may have either actual or constructive possession of any article. The latter is established by showing a knowing exercise of dominion and control over an item. (*People* v. *Rogers* (1971) 5 Cal.3d 129, 134 [95 Cal.Rptr. 601, 486 P.2d 129]; *People* v. *Showers* (1968) 68 Cal.2d 639, 644 [68 Cal.Rptr. 459, 440 P.2d 939].) As the driver and sole occupant of the car, and the only person seen carrying a gun from the scene, defendant had possession of the gun in his car. We presume the Legislature intended

prosecution under the statute for both types of possession since no contrary intention is apparent. (See *Torres* v. *Automobile Club of So. California, supra,* 15 Cal.4th at p. 779.) The trial court correctly told the jury to determine if the evidence supported a finding that a portion of defendant's car was within 1,000 feet of the school and he possessed a gun.

### DISPOSITION

The judgment is affirmed.

Sills, P. J., concurred.

**CROSBY, J.,** Dissenting.—Our Supreme Court says this about the subject at hand (except when it is saying the opposite)[1]: "When the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citation.] The plain language of the statute establishes what was intended by the Legislature. (See *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 566 [39 Cal.Rptr.2d 374] [it is unnecessary to look beyond the plain words of the statute to determine intent].)" (*People* v. *Fuhrman* (1997) 16 Cal.4th 930, 937 [67 Cal.Rptr.2d 1, 941 P.2d 1189]; *Ladd* v. *County of San Mateo* (1996) 12 Cal.4th 913, 921 [50 Cal.Rptr.2d 309, 911 P.2d 496].)

The statute we deal with here proscribes possession of a firearm "in a place that the person knows, or reasonably should know, is a school zone. . . ." (Pen. Code, § 626.9, subd. (b).) The statute defines a school zone as the area "within a distance of 1,000 feet from the grounds of [a] public or private school." (Pen. Code, § 626.9, subd. (e)(1).) Whatever the wisdom of this legislation—and there is some evidence it was "inadvertently passed"[2]—the language is clear enough: Thou shalt not be within 1,000 feet of a school with a firearm. The statute has nothing pertinent here to say about cars, but the jury somehow got distracted by this aspect of the facts.

When the jurors demonstrated their confusion with a question concerning the location of the stopped car containing defendant and the gun, the judge

---

[1]See, e.g., *People* v. *Pieters* (1991) 52 Cal.3d 894, 901 [276 Cal.Rptr. 918, 802 P.2d 420], where the court found the plain reading of a criminal statute as enacted "would be at odds with the Legislature's desire to punish dealers qua dealers" and proceeded to amend the statute by judicial fiat to impose a harsher penalty in accordance with the presumed legislative intent.

[2]See the Assembly Journal for the 1993-1994 Regular Session, dated August 31, 1994, letter regarding Assembly Bill No. 645 (Stats. 1994, ch. 1015) from Assemblymen Mountjoy et al. (Note to 1994 legislative amendment, Hist. and Statutory Note, 49 West's Ann. Pen. Code (1999 ed.), § 626.9 foll. pp. 135-136.)

should have plainly told them the location of the car was beside the point. They were to determine whether defendant or the gun was within 1,000 feet of the school, i.e., that either the gun or the defendant could be outside the line, *but not both.*

The majority analyzes this as a substantial evidence case, but it is not of course. The problem facing us is whether the jury's question concerning the car was properly answered, not whether the evidence was sufficient to uphold a conviction on appeal. Out with the substantial evidence bathwater goes this howling baby: Would Mejia's jurors have convicted given a correct response to the question they posed? God may know; my colleagues cannot.

To the extent the statute is perceived as ambiguous—and it is not at all to me on the application before the house today—we should not deal in the sophistry of *Pieters* (see fn. 1, *ante*). To the contrary, we ought to resist the temptation to apply a poorly drafted statute to a seemingly deserving miscreant. (See, e.g., *Finn* v. *Superior Court* (1984) 156 Cal.App.3d 268, 272 [202 Cal.Rptr. 732] ["[W]e must follow the applicable rule of statutory construction. Until such time as the Legislature corrects what reason and common sense suggest is probably not a product of legislative intent but of legislative inattention, fraud in the sale of a mobilehome may only be prosecuted as a misdemeanor."].) Instead, unfortunately, "[t]his case asks the age-old question: [D]oes judicial commitment to principle matter? The majority gives the modern answer. Not if it gets in the way of expediency." (*People* v. *Garcia* (1999) 20 Cal.4th 490, 504 [85 Cal.Rptr.2d 280, 976 P.2d 831] (dis. opn. of Brown, J.).)[3]

It may be that the application of the statute to these facts is unclear to my colleagues; I cannot tell. But if so, they should presumably honor stare decisis (and all that stuff) by applying the rule of lenity, i.e., adopting " 'that construction which is more favorable to the offender . . . .' " (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; see also *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420], among numerous other misguided opinions.) They stretch instead to do the opposite.[4]

I would reverse with directions to retry the cause (at the district attorney's option) with this instruction: "To be guilty of the crime described in section

---

[3]Attached to Justice Brown's observation is this apt footnote: "The majority complains 'the statutory language is not so crystal clear.' [Citation.] The intent, however, is. What part of 'no' do they not understand?" (*People* v. *Garcia, supra,* 20 Cal.4th at p. 504, fn. 1 (dis. opn. of Brown, J.).)

[4]Parenthetically, although our Supreme Court continues to recognize it, my view is that the rule of lenity is bogus because Penal Code section 4 provides, "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its

626.9 of the Penal Code, you must find the accused was within a school zone in possession of a firearm. Possession may be actual or constructive, so long as it occurs when at least the defendant *or* the firearm is physically within 1,000 feet of a school."

Appellant's petition for review by the Supreme Court was denied September 15, 1999. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

And, as *Pieters* reaffirms, even if the rule of lenity lives on, "[o]ccasionally the rule that the defendant is entitled to the benefit of every reasonable doubt . . . is disregarded and an important legislative purpose is given effect . . . by a liberal construction against the defendant." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 29, pp. 38-39.) Maybe Witkin and Epstein just described *this* case.