Filed 1/5/16  P. v. Bateman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062642 |
| v. | (Super.Ct.No. INF1301730) |
| SEAN VALENTINO BATEMAN, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Seth M. Friedman and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I. INTRODUCTION

At trial, the prosecution presented evidence that defendant and appellant, Sean Valentino Bateman, had burglarized the home of Lawrence Monner. A jury convicted defendant of (1) burglary (Pen. Code, § 459, count 1),[1] (2) firearm possession by a convicted felon (§ 29800, subd. (a)(1), count 2), and (3) possession of ammunition by persons prohibited from owning or possessing a firearm (§ 30305, subd. (a), count 3). The jury also found that defendant had served a prior prison term. (§ 667.5, subd. (b).) The trial court sentenced defendant to four years in prison on count 1, eight months in prison, to be served consecutively, on count 2, and an additional one-year enhancement on the prior conviction, for a total sentence of five years eight months. An additional two-year sentence was imposed but stayed on count 3 pursuant to section 654.

On appeal, defendant contends his convictions on counts 2 and 3 should be reversed, and his eight-month sentence stricken, because the firearm and ammunition were not found physically on defendant, thus negating the "custody or control" requirement under the relevant statutes. We affirm the judgment because substantial evidence supports both convictions.

# II. STATEMENT OF FACTS

On June 17, 2013, defendant burglarized Monner's home by entering through a kitchen window. Approximately $100 in coins, a wallet, silver $0.50 and $1 pieces, and loose ruby gems were taken. Monner told police that he kept many of his loose coins in

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

plastic cups. As he left Monner's property, defendant tripped the alarm system. The alarm company called to alert Monner that his alarm had been tripped and the police were dispatched.

Monner's neighbor arrived home just in time to observe defendant leaving through the neighbor's driveway. When the police arrived shortly thereafter to investigate the cause of the alarm being sounded, the neighbor provided the police with a description of defendant.

A police officer responded to a broadcast of a description of the suspect. Approximately three-quarters of a mile from the burglary, the officer located defendant, who matched the description of the burglary suspect, walking down the street. When he first saw the responding officer, defendant changed directions from where he was walking. He walked towards a wall and crouched down in an area next to that wall. When defendant returned to the sidewalk, the officer observed him pull something out of his pocket and drop it on the ground. He detained defendant and placed him in handcuffs. The officer also located a gem on the ground in the area where he had first observed defendant drop something.

After additional officers arrived, a second officer went to the wall where the first officer had seen defendant crouch down. The wall was approximately 50 feet from where the first officer stopped defendant. There, the second officer retrieved a backpack that contained, among other things, a fully loaded revolver, $134 in coins, foreign currency, silver dollars, $0.50 pieces, a Louis Vuitton wallet, and jewelry cleaner. A

3

fingerprint was lifted from a plastic cup that was located inside the backpack. The police found 35 points of comparison and concluded that the fingerprint on the plastic cup matched that of defendant. The cup found in the backpack was the same type of cup that Monner had used to store his loose change. Monner's neighbor was brought to the scene and positively identified defendant as the individual he saw leaving the driveway of his home.

## III. DISCUSSION

Defendant contends insufficient evidence supports his convictions for firearm and ammunition possession. He asserts that his sentence on the counts must be stricken because the firearm and ammunition were found in a backpack about 50 feet from where he was detained, not on his person. He argues that the firearm and ammunition were not under his "custody or control" as contemplated under the relevant statutes. We conclude that substantial evidence supports the convictions.

In assessing the sufficiency of the evidence, an appellate court reviews the entire record to determine whether it contains substantial evidence that is reasonable, credible, and of solid value, such that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maury* (2003) 30 Cal.4th 342, 396.) We view the evidence in the light most favorable to the judgment, drawing all reasonable deductions in favor of the judgment. (*People v. Boyer* (2006) 38 Cal.4th 412, 480.) If the verdict is supported by substantial evidence, we are bound to give due deference to the trier of fact and not retry the case. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) We do not reweigh

4

the evidence; rather, we evaluate whether the evidence presented at trial and the reasonable inferences that could be derived from the evidence support the jury's conclusions. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

A violation of section 29800, subdivision (a)(1) occurs when a convicted felon knowingly possesses a firearm. Defendant challenges the "in possession" element of section 29800, subdivision (a)(1) because the firearm was not within his custody or control. However, possession of an object may be actual or constructive. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) This court has previously held that "[a]lthough the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . such an act is not an essential element . . . because a conviction of this offense may also be based on a defendant's constructive possession of a firearm." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 795 [Fourth Dist., Div. Two]; see also *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].)

A defendant possesses a weapon while it is under his dominion and control. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.) Possession may be imputed when the contraband is found in a place that is immediately accessible to the dominion and control of the defendant. (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.) A defendant can be in possession where a firearm and ammunition are found in a backpack,

even when both are not on the defendant's person. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 284.)

In *Hicks*, the defendant had five .380-caliber bullets on his person. This resulted in a subsequent search of the defendant's apartment. There, the police found a backpack containing a loaded .380 pistol, which the defendant disclaimed ownership of. (*People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 280-281.) The court found sufficient evidence to support the conviction for being a felon in possession of both a firearm and ammunition because the contraband was found in the defendant's apartment and was immediately accessible to the defendant, and were therefore under his dominion and control. (*Id.* at p. 284.)

Here, too, the firearm and ammunition were immediately accessible to defendant and were therefore under his dominion and control. As in *Hicks*, the police found the loaded revolver inside a backpack that was not on defendant's person. However, the evidence obtained by the police connected defendant to that backpack. In *Hicks*, that evidence was the defendant's possession of bullets that matched the gun that was subsequently found in the defendant's backpack. Here, defendant's fingerprint was found on a plastic cup inside the backpack and that cup was similar to the plastic cups that Monner used to store his coins. The police also personally observed defendant crouching down by the wall where the backpack was retrieved. Based on the fingerprint evidence, and the evidence that the firearm and ammunition were immediately accessible

6

to defendant, the jury could have reasonably concluded that the firearm and ammunition were under defendant's possession and control.

Defendant urges this court to adopt the holding of *People v. Pellecer* (2013) 215 Cal.App.4th 508 and to find that, where the weapon is contained in a backpack, the defendant is not in possession of either the firearm or the ammunition. In *Pellecer*, the defendant was convicted of carrying a concealed dirk or dagger on his person in violation of section 12020, subdivision (a)(4), which provided criminal penalties for anyone who "'[c]arries concealed *upon his or her person* any dirk or dagger.'" (*People v. Pellecer*, *supra*, at p. 513.) The court focused on the ordinary meaning of "upon his or her person" and found that it meant "'in contact with his person or is carried in his clothing.'" (*Ibid.*) The court explained that, had the Legislature intended the statute to apply in situations where the defendant concealed the dirk or dagger in his backpack, it should have phrased the section as "'carries any concealed [weapon].'" (*Ibid.*)

*Pellecer* is distinguishable because the statutory language for counts 3 and 4 (§§ 29800, subd. (a)(1), 30305, subd. (a)) do not contain the language "concealed upon his or her person," that was interpreted in *Pellecer*. The relevant statute speaks of having "custody or control" over any firearm (§ 29800, subd. (a)) or ammunition (§ 30305, subd. (a)). The word "or" is ordinarily used in a statute as a disjunctive conjunction, "the function of which is to mark an alternative generally corresponding to 'either,' as 'either this or that.'" (*People v. Smith* (1955) 44 Cal.2d 77, 78; *Kennedy v. Kennedy* (2015) 235 Cal.App.4th 1474, 1491.) As such, although defendant urges this court to focus on the

7

term "under custody or control," it is clear that the statute forbids a convicted felon from possessing a firearm or ammunition. As discussed, the pertinent statutes recognize that possession of a firearm and ammunition can be constructive, as well as actual.

Thus here, sufficient evidence supports defendant's convictions in counts 2 and 3 for possession of a firearm and ammunition, respectively.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


KING _____
Acting P. J.


We concur:

MILLER _____
J.

CODRINGTON _____
J.

8