Filed 12/4/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G055242 |
|       v. | (Super. Ct. No. 14CF3863) |
| MENGYAN SUN, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed in part and reversed in part.

John L. Dodd & Associates, John L. Dodd and Benjamin Ekenes for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant was convicted of assault with a deadly weapon for discharging a laser into the cockpit of an occupied aircraft. Relying on the *Williamson* rule (*In re Williamson* (1954) 43 Cal.2d 651), he contends his prosecution for that general offense was precluded by statutes that specifically pertain to the unlawful use of a laser. We agree and reverse his convictions for assault with a deadly weapon. We publish to underscore the continued vitality and adaptability of the venerable *Williamson* rule, which we believe has aged well.

## FACTS

Late one night, two officers were piloting a police helicopter in Irvine when a laser struck their cockpit multiple times. The windshield on the aircraft refracted the light from the laser throughout the cockpit, which restricted the officers' visibility and gave one of them a headache. However, they were able to trace the source of the laser to appellant's apartment, and officers arrested appellant there a short time later.

Appellant was charged with two counts each of assault with a deadly weapon and aggravated assault on a peace officer. (Pen. Code, § 245, subds. (a)(1) & (c).)[1] The information also alleged six counts of discharging a laser at an occupied aircraft under section 247.5.

Following the preliminary hearing, appellant filed a motion to dismiss pursuant to section 995. Among other things, he argued prosecution of the assault counts was precluded under the *Williamson* rule, which provides that a special criminal statute is considered an exception to a general statute with which it conflicts. Finding insufficient evidence appellant knew the aircraft in question was a police helicopter, the trial court dismissed the two counts of aggravated assault on a peace officer. However, it denied the motion in all other respects.

---

[1] All further statutory references are to the Penal Code.

2

Appellant then pled guilty to the remaining charges and was sentenced to three years' probation. As part of his plea agreement, appellant waived his right to appeal any and all issues, except the applicability of the *Williamson* rule to his convictions for assault with a deadly weapon.

## DISCUSSION

Appellant's position is that the *Williamson* rule precluded his prosecution for assault with a deadly weapon because his conduct violated statutes that specifically govern the illegal discharge of a laser, i.e., sections 247.5, 417.25 and 417.26. His contention is well taken.

The *Williamson* rule gets its name from *In re Williamson, supra,* 43 Cal.2d 651, which held that when a general statute includes the same matter as a more specific statute, the latter will be considered an exception to the former. (*Id*. at p. 654.) The rule "precludes prosecution under a general statute when a more specific one describes the conduct involved. [Citations.]" (*Finn v. Superior Court* (1984) 156 Cal.App.3d 268, 271.) It is a bedrock rule of statutory construction; every jurisdiction has its own analog to the *Williamson* rule.

As explained in *People v. Murphy* (2011) 52 Cal.4th 81 (*Murphy*), "[T]he *Williamson* rule applies when (1) 'each element of the general statute corresponds to an element on the face of the special statute' or (2) when 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.' [Citation.]" (*Id*. at p. 86.) In applying these criteria, we must keep in mind the rule is "'designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and "requires us to give effect to the

3

special provision alone in the face of the dual applicability of the general provision . . . and the special provision . . . ." [Citation.]' [Citation.]" (*Ibid*.)

Assault with a deadly weapon, the crime to which appellant pled guilty, was codified in California in 1872. Punishable by up to four years in prison, the offense prohibits the commission of "an assault upon the person of another with a deadly weapon or instrument other than a firearm[.]" (§ 245, subd. (a).) Assault is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) The crime is considered a general intent offense because it "does not require a specific intent to injure the victim." (*People v. Wyatt* (2010) 48 Cal.4th 776, 780.) Rather than turning on the defendant's intent, the crime focuses on the likelihood his conduct would result in injury to another. (*People v. Williams* (2001) 26 Cal.4th 779, 787.) An assault occurs "if a reasonable person, viewing the facts known to defendant, would find that the act would directly, naturally and probably result in a battery." (*Id*. at p. 788, fn. 3.)

Obviously, lasers and helicopters were not around when the statute prohibiting assault with a deadly weapon was enacted back in the 19th century. It wasn't until 1986 that the Legislature passed a law – section 247.5 – addressing these modern inventions. That section provides, "Any person who willfully and maliciously discharges a laser at an aircraft, whether in motion or in flight, while occupied," is guilty of a crime punishable up to three years in prison. (§ 247.5.)

Section 247.5 was designed "to deter acts which imperil the safe operation of aircrafts." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2950 (1985-1986 Reg. Sess.), as amended April 17, 1986, p. 2.) The impetus for the law was an incident involving Los Angeles County deputy sheriffs who were temporarily blinded when teenagers discharged a laser at their helicopter during a search and rescue mission. (*Id*. at p. 3.) In enacting section 247.5, the Legislature was aware the act of pointing a laser at a helicopter could implicate the assault statutes (Assem. Com. on Public Safety, Analysis

4

of Assem. Bill No. 2950 (1985-1986 Reg. Sess.) for hrg. on March 3, 1986), yet felt the need to address that conduct in a more specific statute.

Appellant's behavior in this case is precisely the type of conduct targeted by section 247.5, which explains why he was charged with, and pleaded guilty to, six violations of that offense. Nonetheless, respondent argues it was permissible to bring additional charges under section 245 for assault with a deadly weapon because the elements of the two offenses do not correspond to each other, and a violation of section 247.5 will not "necessarily or commonly" result in a violation of section 245. (*Murphy, supra,* 52 Cal.4th at p. 86.) Respondent is correct that the two statutes have disparate elements, and a violation of one will not necessarily result in a violation of the other. For example, maliciously discharging a laser at the tail rotor of an in-flight helicopter would violate section 247.5, but it would not rise to the level of an assault with a deadly weapon since it would not directly, naturally and probably result in injury to another. Because assault with a deadly weapon contains an element – probability of injury to another – that is not contained in section 247.5, the offenses do not meet the first test for applying the *Williamson* rule. (*Id.* at p. 87.)

They do, however, meet the second test, in that a violation of section 247.5 will *commonly* result in a violation of section 245. In analyzing this issue, it is of no significance that section 247.5 – as shown in our hypothetical – can be violated in a way that would not trigger liability under section 245. The only pertinent question is whether the manner in which appellant violated section 247.5 would *commonly* violate section 245. (*Murphy, supra,* 52 Cal.4th at pp. 89-91; *People v. Ruster* (1976) 16 Cal.3d 690, 699; *People v. Finn, supra*, 156 Cal.App.3d at p. 271.)

The record shows appellant violated section 247.5 by discharging a laser into the cockpit of an airborne helicopter in the middle of the night. Due to the obvious and foreseeable danger of such conduct, it would commonly constitute an assault with a

deadly weapon within the meaning of section 245. Therefore, appellant should not have been prosecuted under that section.

The Attorney General disagrees. In his view, the critical inquiry is not whether the particular act appellant committed in violating section 247.5 would commonly result in a violation of section 245, but whether that act is a common method by which people violate section 247.5. Because there is no evidence in the record of how section 247.5 is typically violated, and because that section may be violated without triggering liability under section 245, respondent argues the *Williamson* rule should not apply to the circumstance of this case, which he describes as a "unique" example of the two statutes overlapping with each other.

We are unconvinced: We agree with respondent that the analysis required was set forth in *Murphy, supra.* But that analysis militates against his position. The defendant there falsely reported to a sheriff's deputy that her car had been stolen. Based on that act, she was convicted of the specific offense of filing a false vehicle theft report and the general offense of offering a false instrument for filing. (*Murphy, supra*, 52 Cal.4th at pp. 84-85.) In deciding whether the specific offense would commonly result in a conviction of the general one for purposes of the *Williamson* rule, the Supreme Court found it irrelevant that the defendant *could* have violated the specific statute without violating the general statute. (*Id*. at p. 89.) Instead, it focused solely on the manner in which the defendant *actually* violated the statute. More particularly, the court looked to whether what the defendant did to violate the specific statute would commonly trigger liability under the general statute. (*Id*. at p. 91.) Answering that question in the

affirmative, the court found the *Williamson* rule applied and reversed the defendant's conviction for violating the general statue. (*Id.* at pp. 94-95.)[2]

   *Murphy* makes clear the *defendant's particular conduct* is the starting point in determining whether the *Williamson* rule applies in a given case. We must decide whether what the defendant *actually did* to violate the specific statute would commonly result in a violation of the general statute, not, as respondent would have us do, decide which type of conduct would commonly result in a violation of the statutes. Adopting respondent's position would run counter to *Murphy*'s factually intensive approach to the issue, and it would be inconsistent with the *Williamson* rule itself, which "precludes prosecution under a general statute when a more specific one describes *the conduct involved*. [Citations.]" (*Finn v. Superior Court, supra,* 156 Cal.App.3d at p. 271, italics added.)

   Looking at appellant's conduct in this case, it is clear his act of discharging a laser into the cockpit of an airborne helicopter – which is the very type of conduct section 247.5 was designed to guard against – will commonly result in a violation of section 245 for assault with a deadly weapon. Consequently, he should not have been charged with assault with a deadly weapon, and his convictions for that offense cannot stand.[3]

---

[2] The recent case of *People v. Henry* (Oct. 29, 2018, H044626) __ Cal.App.5th __ [2018 WL 5317988] comports with this analysis. There, the court overturned the defendant's conviction for felony false personation in light of a more specific statute which criminalizes the signing of a false or fictitious name on a promise to appear for a traffic citation. In so doing, the court stated that when a special statute can be violated in multiple ways, "the reviewing court should consider only if *the present conduct at issue* would commonly violate the general statute[,]" in deciding whether the *Williamson* rule should apply. (*Id.* at p. __, italics added.)

[3] Given this conclusion, we need not consider appellant's alternative argument that his prosecution for assault with a deadly weapon was precluded by sections 417.25 and 417.26, which prohibit the pointing of a laser scope at civilians and peace officers, respectively. (*Murphy, supra*, 52 Cal.4th at p. 95, fn. 4.)

DISPOSITION

Appellant's convictions for assault with a deadly weapon (counts 8 & 10) are reversed.  In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.